FILED ___ ENTERED
___ LODGED ___ RECEIVED

MAY 08 2013

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEP

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEONTE MACK

    Petitioner,

v.

UNITED STATES OF AMERICA

    Respondent.

Civil No. PJM 12-2431
Crim. No. PJM 09-0247

## MEMORANDUM OPINION

Leonte Mack, *pro se*, has filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Paper No. 79). Having considered the Motion and the Government's Opposition, the Court **DENIES** the Motion.

### I.

A jury found Mack guilty of unlawful possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Counts 1 and 4), possession with intent to distribute five grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 2), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 3). According to the evidence, on the night of December 28, 2009, Mack had been involved in an altercation with Anthony Bynum when he discharged a weapon in Bynum's direction as Bynum was running away from him. The following morning, police recovered a 9mm shell casing from the front of Bynum's home. Later that morning, Detective Kenneth Shaw constructed a six-person photographic array using Mack's most recent jail photo, together with photos of five others with similar characteristics and showed it to Bynum. Bynum immediately selected Mack as the person who shot at him, saying he was sure it was Mack.

Based on the identification, Shaw obtained an arrest warrant for Mack and a search warrant for his residence. When police searched Mack's apartment, they found him in the bathroom with $790 in currency at his feet and arrested him. From other places in the apartment, the police also recovered a loaded 9mm Luger semi-automatic pistol, a plastic bag containing 143 rocks of cocaine base weighing 40.01 grams, and a separate 9mm magazine loaded with nine Winchester Luger 9mm cartridges. Firearms testing showed that the handgun found in Mack's bedroom fired the shell casing that police recovered.

After being transported to the police station, where he was read and waived his *Miranda* rights, Mack orally admitted that he owned the handgun but refused to sign a written statement. Subsequently, he moved to suppress his out-of-court identification, the evidence that police officers recovered in his apartment, and the statements he made to detectives following his arrest. This Court denied the suppression motions and, after trial, a jury found Mack guilty on all four counts. Mack appealed to the U.S. Court of Appeals for the Fourth Circuit, arguing that the Court erred in denying his motions to suppress and that his sentence was unreasonable. The Fourth Circuit affirmed the judgment. *United States v. Mack*, 442 F. App'x 881 (4th Cir. 2011). Thereafter, Mack filed the present Motion to Vacate.

## II.

Mack presents numerous arguments in support of his Motion to Vacate, which he groups into four categories: (1) he was denied his Sixth Amendment right to a trial for the offense of "Affecting Interstate Commerce;" (2) he was denied due process because of prosecutorial misconduct, including the knowing presentation of false testimony, and the improper presentation of illegally obtained information; (3) he received ineffective assistance of counsel, prejudicing his access to *Brady* information, his right to a speedy trial, and an opportunity to

challenge the Court's jurisdiction; and (4) he was subjected to double jeopardy. Mack claims that he did not address these issues on appeal because of ineffective assistance of trial counsel.[1]

### III.

To the extent that any of Mack's assertions are not packaged as ineffective assistance of counsel claims, they are procedurally defaulted because he failed to raise them on direct appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982) ("[A] collateral challenge may not do service for an appeal."). In a Section 2255 motion, a defendant may raise constitutional claims that *could* have been raised on direct appeal – but were not – only if he can show "cause" and "actual prejudice," *id.* at 167–68, or "actual innocence." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A defendant can show cause by proving, among other things, "a denial of the effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 492–95 (4th Cir. 1999). Actual prejudice requires the defendant to show that counsel's error caused an "actual and substantial disadvantage." *Frady*, 456 U.S. at 170. Although Mack uses ineffective assistance of counsel as the vehicle for arguing why he did not raise these issues on appeal, he nonetheless fails to meet the *Strickland* standard for proving ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668 (1984).

Under *Strickland*, a convicted defendant must show that counsel's performance was so deficient as to be ineffective, and that counsel's ineffectiveness prejudiced the defendant by denying him a fair trial with a reliable result. *Id.* at 687. *See also United States v. Higgs*, 663 F.3d 726, 735 (4th Cir. 2011) (relying on *Strickland* to show ineffective assistance of counsel).

---

[1] Mack does not specifically allege ineffective assistance on the part of appellate counsel for not raising his issues on appeal, but even if he were, he still would not meet the *Strickland* test as applied to appellate counsel. *See Smith v. Robbins*, 526 U.S. 259 (2000). Under the first prong of the test, the defendant must show that counsel "unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Id.* at 285. If the defendant succeeds in showing that counsel was deficient, under the second prong, he "must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *Id.* As set forth in the text, Mack has neither shown deficient performance on the part of appellate counsel, nor has he demonstrated a reasonable probability that he would have prevailed on any of the issues on appeal.

Under the first prong of the test, the defendant must show that trial counsel's assistance "fell below an objective standard of reasonableness . . . under prevailing professional norms." *Strickland*, 466 U.S. at 688. Counsel's performance "must fall below the wide range of professionally competent performance." *United States v. Terry*, 366 F.3d 312, 317 (4th. Cir. 2004) (internal quotation and citation omitted). Under the second prong of *Strickland*, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Mack alleges that trial counsel was ineffective because he did not: (A) contest the Court's jurisdiction; (B) object to the preclusion of the Computer Automated Dispatch ("CAD") report; (C) object to the inclusion of false testimony; (D) raise speedy trial objections; and (E) object to his receiving multiple punishments for a single offense.

Mack fails to meet either prong of *Strickland* with respect to all his claims.

### A.

The argument that counsel was deficient because he failed to object to the fact that Mack was not tried on a charge of "Affecting Interstate Commerce" misunderstands the law. "Affecting interstate commerce" is not an independent offense; it is a jurisdictional element of the offenses that were charged. In fact, the Court gave an instruction to the jury with respect to the "affecting interstate commerce" element of the Felon in Possession of a Firearm and Ammunition counts. In convicting Mack, the jury obviously decided that all the necessary elements of the crime were met, including the "affecting interstate commerce" element. And the Government unquestionably presented evidence that the firearms and ammunition Mack possessed had moved in interstate commerce. In any event, Mack's counsel actually filed a motion to dismiss Counts 1 and 4 based on the alleged lack of evidence of interstate commerce,

which the Court denied. Mack's claim that his counsel was deficient is therefore totally unfounded. Moreover, Mack has not shown that had his counsel more effectively challenged jurisdiction, there is a reasonable probability that the outcome of his trial would have been different.

**B.**

Mack's claims regarding due process violations, couched as ineffective assistance claims, also fail. First, he faults counsel in connection with the Court's decision to exclude a CAD report on hearsay grounds. But Mack's counsel did move to have the CAD report submitted into evidence, and the Court correctly excluded it because it contained a number of hearsay statements. Still, the Court allowed Mack's counsel to use the report when he cross-examined Detective Kenneth Shaw, a government witness, in order to attack Shaw's credibility. In short, Mack has not shown that counsel's performance was deficient; nor has he shown that had his counsel more vigorously objected to the exclusion of the CAD report, the Court's ruling would have in any way differed or that Mack had any reasonable chance to prevail at trial.

Mack's assertion that counsel was ineffective for not arguing that the Court should have excluded the testimony of both Bynum and Detective Shaw because it was false is likewise meritless. He offers no proof of the falsity of the testimony, except for his personal opinion that the witnesses' statements were untrue. The fact is that Mack's counsel thoroughly cross-examined both witnesses and, notwithstanding that, the jury accepted their credibility.

Next, Mack argues that counsel was derelict in not opposing the photo identification procedure that the police used because Bynum's girlfriend was present at the array and helped Bynum identify Mack. But, with Mack and his counsel present and objecting, the Court found the identification procedure valid after a suppression hearing. More importantly, Mack's

appellate counsel raised the issue on appeal and the Fourth Circuit affirmed. Mack tries to avoid the fact that this issue has already been decided on direct appeal by arguing that, because the identification procedure was illegal, the police obtained the arrest and search warrants illegally, as a result of which all of the evidence obtained from the search of the apartment was fruit of the poisonous tree. *See Franks v. Delaware*, 438 U.S. 154, 156 (1978). But since the Fourth Circuit has already affirmed the validity of the identification, i.e., the tree has been definitely held to be non-poisonous, there is no fruit of the poisonous tree argument to make.

Mack also claims that counsel was ineffective because he did not raise speedy trial objections. This is another nonstarter. A defendant's trial must commence within seventy days of the later of the filing of the indictment or the initial appearance. 18 U.S.C. § 3161(c)(1). Mack was indicted on May 6, 2009 and had his initial appearance on May 22, 2009. But a pretrial motion suspends the speedy trial clock until the conclusion of the hearing or disposition of the motion, at a hearing or otherwise. § 3161(h)(1)(D). Thus, the speedy trial clock stopped when Mack filed pretrial motions on June 19, 2009, and only resumed when the motions were ruled upon at a hearing held on December 23, 2009. The trial commenced on January 26, 2010. Twenty-seven days elapsed between the initial appearance and the filing of the pretrial motions, and thirty-four days elapsed from the conclusion of the hearing to the trial start date. Because the total time that had expired was sixty-one days, there was no speedy trial violation to which defense counsel might have objected.

### C.

Finally, Mack's double jeopardy argument also holds no water. He asserts that he has been subjected to multiple punishments for a single offense. Because he was sentenced for Counts 1 and 4 (Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1))

as well as Count 2 (Possession with Intent to Distribute Five Grams or more of Cocaine Base in violation of 21 U.S.C § 841(a)(1)), he argues that he cannot be sentenced for Count 3 (Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)). But Mack was charged with all of the counts at the same proceeding, so that, strictly speaking, no double jeopardy issue is implicated.

What Mack is actually arguing is that, at the same trial, he was charged with the same offense in multiple counts. Charges, however, are not multiplicitous if each offense requires proof that the others do not. *United States v. Allen*, 13 F.3d 105, 107–08 (4th. Cir. 1993). The essence of Count 1 was that Mack, who was a convicted felon, possessed a firearm and ammunition. No element of drug possession was involved. Count 2 did concern drug possession, possession in sufficient quantity as to indicate that Mack intended to traffic in it. Count 3, use of a firearm in furtherance of a drug trafficking crime, involved drugs and possession of a firearm. That crime is punishable regardless of whether the defendant is a convicted felon and is more serious than drug trafficking alone. In sum, each offense required proof of elements that the other offenses did not.

The Government's evidence showed that Mack had at least one prior felony conviction; that police seized a loaded firearm, a loaded firearm magazine, and a plastic bag containing 143 rocks of crack cocaine weighing 40.01 grams from Mack's bedroom; and that Mack possessed the firearm in connection with drug trafficking. Mack's claim of "multiple punishments" is, therefore, meritless. Consequently, his trial counsel's performance clearly did not fall "below the wide range of professionally competent performance." *Terry*, 366 F.3d at 317. Nor is there

the least possibility that had counsel raised the issue the outcome of the proceeding might have been any different.[2]

For the foregoing reasons, Mack's Motion to Vacate, Set Aside, or Correct Sentence (Paper No. 79) is **DENIED**.

IV.

Rule 11(a) of the Rules Governing § 2255 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003);.

The Court has considered the record and finds that Mack has not made the requisite showing. Mack's claims, rooted in factual disputes or tenuous legal claims, are wholly without merit and fail to satisfy the pertinent "reasonable jurists" standard. Accordingly, the Court will not issue a certificate of appealability, and any such request is **DENIED**.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

May 7, 2013

---

[2] It is not clear what Mack has in mind in arguing that his counsel failed to challenge this Court's jurisdiction or supposed *Brady* violations, since he provides absolutely no argument in this regard. The Court, therefore, sees no need to address these claims.